IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| VIBHA JHA BUCKINGHAM,<br>         *Appellant,*<br><br>    v.<br><br>UNITED BANK,<br>         *Appellee.* | CASE NO. 3:16-cv-00031<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

Appellant Vibha Jha Buckingham ("Buckingham") has appealed an April 19, 2016 Order of the U.S. Bankruptcy Court for the Western District of Virginia, in which the Bankruptcy Court dismissed Buckingham's objection to a claim made by United Bank ("United"). The Court finds that United's claim was wholly unsecured and thus not bound by the terms of paragraph 11B of the bankruptcy plan. Accordingly, the Court will affirm the judgment of the Bankruptcy Court and dismiss the appeal with prejudice.

  **I. Background**

On July 11, 2014, debtor Vibha Jha Buckingham filed a voluntary Chapter 13 bankruptcy petition. (Dkt. 1-2 at 1.) Buckingham listed a property known as 37 Little Acres Road, Glastonbury, Connecticut (the "Property") with an assessed value of $143,600.00. (*Id*.) The property was subject to two debts. The first was a debt to CCO Mortgage with a value of $170,630.00, of which $27,030.00 was listed as unsecured because it exceeded the value of the Property. (*Id*.) The second debt was held by Rockville Bank, the predecessor in interest to United. Rockville Bank's entire $35,813.00 debt was listed as unsecured. (*Id*.)

Buckingham filed an amended Chapter 13 plan on August 15, 2014. (*Id.*) For the purposes of this appeal, there were two relevant sections to the plan: paragraph 3B and paragraph 11B. Paragraph 3B, in the section for "Secured Creditors," declared that debtor would surrender her interest in the Property and provided that deficiencies resulting from the liquidation of the Property could be paid to creditors as unsecured claims. Amended Chapter 13 Plan at 2, *In re Vibha Jha Buckingham*, No. 13-61299 (Bankr. W.D. Va. 2014) (Dkt. No. 15) [hereinafter "Bkr. Dkt."]. In the same column of paragraph 3B where the plan identified the Property tied to United's claim, the document also stated prominently: "ALSO SEE PARAGRAPH 11B." (*Id.* at 3.)

Paragraph 11B reads:

[a]ny unsecured proof of claim for a deficiency which results from the surrender and liquidation of the collateral noted in paragraph 3.B of this plan must be filed by the earlier of the following dates or such claim will be forever barred: (1) within 180 days of the date of the first confirmation order confirming a plan which provides for the surrender of said collateral, or (2) within the time period set for the filing of an unsecured deficiency claim as established by any order granting relief from the automatic stay with respect to said collateral. Said unsecured proof of claim for a deficiency must include appropriate documentation establishing that the collateral surrendered has been liquidated, and the proceeds applied, in accordance with applicable state law.

On November 3, 2014, the Bankruptcy Court approved the amended plan containing paragraphs 3B and 11B. (Dkt. 1-2 at 2.) On November 11, 2014, United filed a proof of claim for $36,971.53, or the entirety of the debt owed to it. (*Id.*) United identified the basis of the claim as "Money Loaned (had [mortgage] – no equity)." (*Id.*) In Box 4 of the proof of claim form, United left the "Amount of Secured Claim" space blank while entering the full $36,971.53 amount in the "Amount Unsecured" space. (*Id.*) United also attached a "Mortgage Proof of Claim Attachment" on which it stated that "Cure amount not provided; property being abandoned by debtor; claim is wholly unsecured." (*Id.*)

On May 2, 2015, the 180 day deadline under paragraph 11B terminated with United having filed only its November 11 proof of claim. On August 5, 2015, the Property was surrendered to the first mortgage holder. (Dkt. 5 at 13.) Upon the subsequent request of the Trustee administering the bankruptcy, United provided documentation of the transfer in support of its claim. (*Id*. at 12.) On October 28, 2015, the Trustee indicated that the documentation provided by United was "sufficient to allow the claim as filed." (*Id*. at 10.)

Buckingham objected to United's claim on February 2, 2016, arguing that United had failed to comply with the terms of paragraph 11B and had therefore waived its claim. (Dkt. 1-2 at 2.) The Bankruptcy Court overruled Buckingham's objection on April 19, 2016, reasoning that United's claim was unambiguously unsecured and that it had not been necessary for United to re-file a proof of claim containing documentation relating to the liquidation of the house before the 180 day deadline. (*Id*. at 3.) In response, Buckingham filed the current appeal to this Court, seeking to have the Bankruptcy Court's Order reversed and her objection to United's claim upheld.

### II. Standard of Review

The Court has jurisdiction to review the "final judgments, orders, and decrees" of bankruptcy courts pursuant to 28 U.S.C. § 158(a)(1). A bankruptcy court's conclusions of law are reviewed by a district court *de novo. In re Harford Sands Inc.*, 372 F.3d 637, 639 (4th Cir. 2004). A district court must accept a bankruptcy court's findings of fact unless they are clearly erroneous. *In re Frushour*, 433 F.3d 393, 398 (4th Cir. 2005). Any mixed questions of law and fact are also subject to *de novo* review. *In re Litton*, 330 F.3d 636, 642 (4th Cir. 2003).

### III. Analysis

The dispositive ground on which parties disagree is the applicability of paragraph 11B of Appellant's Chapter 13 bankruptcy plan. Buckingham contends that paragraph 11B applies to bar

United's claim, while United claims that they were free to proceed as an unsecured claim and did not waive their claim by failing to comply with paragraph 11B.[1]

The Court finds that United's claim was an unsecured one not bound by 11B. As the Bankruptcy Court noted, it was "patently clear" that United had no secured interest in the property. (Dkt. 1-2 at 3). CCO's lien had priority over United's and its value exceeded that of the Property by $27,030.00. (*See Id*. at 1.) Accordingly, United's interest was not secured by any value in the Property.

Valueless junior mortgage claims such as United's are classified as unsecured claims for bankruptcy purposes. The Fourth Circuit in *In re Davis*, 716 F.3d 331, 336 (4th Cir. 2013) held that that wholly unsecured junior mortgages should be treated as unsecured claims that are not protected by the antimodification provision of 11 U.S.C. § 1322(b)(2). By its terms, section 1322(b)(2) applies solely to claims that are "secured only by a security interest in real property." Therefore, a necessary analytical step for the court in *Davis* to reach its holding was the finding that "a completely valueless lien is classified as an unsecured claim" under 11 U.S.C. 506(a)(1), the statutory section defining secured and unsecured claims. *In re Davis*, 716 F.3d at 335. Under *Davis*, the Bankruptcy Court correctly treated United's interest in the Property as unsecured because it was junior to an interest that exceeded the value of the property and was thus a "completely valueless lien."

Because United's claim is properly classified as unsecured, it is not subject to paragraph 11B. Buckingham's argument rests on the contention that United's claim was, in fact, secured and thus a paragraph 3B claim subject to paragraph 11B. (*See* dkt. 4 at 11 ("Paragraph 11B of the plan specifically states what a creditor secured by a surrendered property must do…."); dkt. 6 at 4

---

[1] United argues in the alternative that it believed it was not required to file additional documentation required under paragraph 11B, even if 11B were applicable. Because the Court finds that United did not need to comply with paragraph 11B, that argument is not addressed.

– 4 –

("According to the caption of Paragraph 3 of the form plan, all claims dealt with under this paragraph are 'Secured Claims.'")). However, the applicable law demonstrates that United's claim was not "secured by a surrendered property" nor a "Secured Claim" because it is classified as an unsecured claim under section 11 U.S.C. 506(a)(1), the same statutory section under which Buckingham argues that United's claim was a secured claim. (*See* dkt. 4 at 8.) Further, a fully unsecured claim does not fit under the text of paragraph 3B (which applies to "Secured Creditors") or 11B (which applies to "a deficiency which results from the surrender and liquidation of collateral noted in Paragraph 3B"). (Bkr. Dkt. 15 at 5.) Therefore, United's claim was not subject to paragraph 11B.

The reason for confusion in this case appears to be that it was unclear how to correctly describe United's claim using the bankruptcy forms. United's claim was formally a mortgage secured by an interest in the Property, but in substance (and under *Davis*) unsecured because that interest was valueless. That United had difficulty fitting its loan into the regimented boxes of a proof of claim form does not trump the fact that United's claim was substantively unsecured, a fact that all parties knew from the outset. As a claim that was unsecured at the outset, United's claim was not governed by paragraph 11B. Because United's claim was not governed by 11B, the Bankruptcy Court correctly denied Appellant Buckingham's objection to Appellee United's claim.

### IV. Conclusion

The Court finds that paragraph 11B is inapplicable to United's wholly unsecured claim and therefore that the Bankruptcy Court was correct in its judgment. For the aforementioned reasons, the Court will affirm the Bankruptcy Court's April 19, 2016 Order and will dismiss this appeal with prejudice.

The Clerk of the Court is hereby directed to send a certified copy of this memorandum opinion to all counsel of record.

Entered this ___13th___ day of September, 2016.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE